## BENJAMIN COZZENS *v.* ALEXANDER HODGES.

Where two verdicts on actions of assumpsit, in which the parties were reversed, were rendered at the same term, one of which was final and the other contingent upon a second trial to be had at a succeeding term, it was held that execution in the former case should be stayed until the second trial in the latter, the defendant in the latter being insolvent and it not being apparent that he had any defence, and this, notwithstanding the demand, on which the latter action was brought, was purchased of a third party, after one verdict had been rendered in the former case, and for a consideration much below its nominal value.

At the March Term, 1851, Cozzens obtained a verdict in his favor against Hodges upon an action of assumpsit, commenced by an attachment of real estate, for professional services, and Hodges, thereupon, claimed a second trial as of right under the statute, and at the second trial in the September Term following, said Cozzens recovered a second verdict against said Hodges for $500. Between the sessions at the March Term and the September Term, the said Hodges purchased of Seth Padelford & Co. Cozzens' promissory note to the said Seth Padelford & Co. for $500, paying, therefor, about five per cent. upon the face of the note; and commenced an action thereon, upon which he recovered judgment at the September Term, 1851, and said Cozzens claimed a second trial as of right under the statute. Hodges, then, moved that the second trial should be had at the same Term, which motion was not granted. On the twenty-third day of the Term, Cozzens moved that judgment should be rendered on the ver-

dict in his case against Hodges, and execution issue forthwith. On the same day Hodges moved that execution in said case should be stayed, until after the trial of his action upon the said promissory note, in order that the Court might set off the judgments in said actions and issue execution for the balance, as provided by the statute. Both motions came on for hearing at the same time.

*Carpenter* and *Cozzens* contended. The motion to stay execution is a motion addressed to the discretion of the Court and will not be granted unless there be strong equity in the application. *Smith* v. *Lowden*, (1 Sanf. S. C. 696.) There is no equity in this claim, the plaintiff having purchased the note, since the rendition of one verdict, for about five per cent. on its face. The equitable ground for set off is a mutuality of credit. Where there have been mutual dealings and mutual credits the law favors set-off, but not where demands have been purchased for the mere sake of set-off. *Dade* v. *Irwin*, (2 Howard 383.) *Hackett* v. *Cornett*, (2 Edward 73.) *Greene* v. *Darling*, (5 Mason 201.) *Howe* v. *Sheppard*, (2 Sumner 414.) The insolvency of the respondent does not create an equity in favor of the applicant, his insolvency having been known before the demand was purchased. *Johnson* v. *Bridge*, (6 Cowen 694.) To entitle the party to set-off he should have been the owner of the debt when the suit was brought. (Dig. of 1844 p. 127, Sec. 6.) *Mizell* v. *More*, (7 Iredell 255.) *Bragg* v. *Fletcher*, (20 Verm. 351.) Disputed claims purchased after suit commenced are not allowed in set-off. *Pettis* v. *Westlake*, (3 Scammon 535.) But even if the Court should feel they were bound to set-off the judgments, if obtained, yet they will not delay the execution that the

Cozzens *v.* Hodges.

plaintiff may obtain a judgment upon a claim purchased after the commencement of suit. *Dickson* v. *Evans,* (6 Term 57.) *Graves* v. *Woodbury,* (4 Hill 562.) Moreover, the judgments cannot be set-off unless rendered at the same Term. (Dig. of 1844, p. 128, Sec. 7.) The only question, then, is whether you will grant the motion, so that the executions may be set-off in the hands of the officer. And the Counsel contended that this would contravene the true construction and spirit of the statute.

*Potter,* contra, contended. Granting that this motion is addressed to the discretion of the Court it nevertheless ought to be allowed. Cozzens has security for the satisfaction of his debt by an attachment of real estate. Hodges has none, his debtor being insolvent. It is, also, plain that the second trial is taken merely for the purpose of evading an admitted legal right to set-off the judgments. The provisions of the 6th section and the cases cited to show that the claim must have existed when the suit was commenced, have no application to this case. The Court is peremptorily required by the 7th section to set-off the judgments in personal actions obtained at the same Term, and in the 8th section providing for the set-off of executions, the language is still broader. The officer is bound to set-off the executions, whether the contract on which execution is obtained originated before or subsequent to the first writ, and even though the executions may have issued from different Courts. And the question is whether the Court will permit the respondent to elude the exercise of this imperative duty, by an evasion so palpable as this motion for a second trial.

Cozzens *v.* Hodges.

HAILE, J. delivered the opinion of the Court. On the twenty-third day of the present Term, the defendant's counsel filed a motion that the execution in this case be stayed until after the trial of the action of the defendant against the plaintiff on a promissory note, now pending in this Court, in order that the Court may off-set the judgments in said actions and issue execution only for the balance, according to the statute in such cases made and provided.

On the thirty-third day of the term, the plaintiff by his counsel having filed a motion that judgment be now rendered on the verdict in the plaintiff's action and that execution be granted forthwith, and both motions having been ably and elaborately argued by the plaintiff and the counsel of the respective parties, and the Court, having duly considered the same, will now pronounce their opinion and judgment thereon.

The plaintiff obtained a verdict against the defendant, at the present term, in an action of assumpsit for professional services. The judgment on this verdict will be final, unless arrested in due course of law, and execution may issue thereon by order of the Court, or may issue under the statute, in five days after its adjournment.

The verdict in an action of assumpsit, by the defendant against the plaintiff, was returned at the present term on a promissory note, given by the plaintiff and payable to Seth Padelford & Co., and by them endorsed to the defendant after the same became due and unpaid, and for a consideration, as it appeared in evidence on the trial, of much less than the consideration expressed in said note.

Upon this verdict, the defendant, Cozzens, in this action, claimed a second trial as of right under the statute, having filed his motion within forty-eight hours after the

return of said verdict against him, and paid the costs as by statute required.

During the trial of this action and the argument of these motions, no legal objection to the defendant's claim on this note was urged or even suggested by the plaintiff or his counsel.

And the defendant, by his counsel, urged a second trial of his case at the present term, but this could not be granted for the want of time, consistently with the rights of other litigants in Court.

Under these circumstances, the defendant's counsel urges his present motion, on the ground of the admitted fact, that the plaintiff has obtained the benefit of the insolvent act of this State, and that he may not be able to respond to the final judgment, which may be recovered by the defendant against him in this action on this note ; and that the sole purpose of a new trial is to evade the statute relative to the set-off of judgments ; and, further, that nothing in the act relative to new trials gives the plaintiff a right to a continuance as a matter of right.

And for the plaintiff it was contended, that the defendant has no right to a set-off under the circumstances of this case : first, because the defendant's right of action did not accrue before the commencement of the plaintiff's action ; and, secondly, because the plaintiff having obtained two verdicts, the defendant has no right to a stay of execution on the ground of an equitable right of set-off under our statute.

To these points several authorities have been cited by the plaintiff, as to the right of set-off under the English, and several statutes of the States of this Union, and in relation to the rules of equity on this subject.

But these decisions, after all, although made by the most respectable and learned judicial tribunals in England and the United States, cannot be considered as binding authority on this Court, in regard to the right of set-off of judgments under our statute, the provisions of which are essentially different from the statutes under which these decisions were made, only so far as they may aid us in coming to a correct judicial construction of our own statute.

By a careful examination of the authorities cited in this case, we apprehend that they will be found to apply to the judicial construction of the statute of 2 Geo. II. c. 22, § 13, and to other similar and analogous statutes in the United States, by which it was enacted; "that where there are mutual debts between the plaintiff and defendant, or if either party sue or be sued as executor or administrator, where there are mutual debts between the testator or intestate and either party, one debt may be set off against the other; and such matter may be given in evidence upon the general issue, or pleaded in bar, as the nature of the case shall require, so as, at the time of pleading the general issue, where any such debt of the plaintiff, his testator or intestatee, is intended to be insisted on in evidence, *notice* shall be given of the particular sum or debt so intended to be insisted on, and upon what account it became due; or otherwise, such matter shall not be allowed in evidence upon the general issue." This clause was made perpetual by the 8 Geo. II. c. 24, § 4. (Tidd's Practice, 602.)

It was early decided, under these statutes, that the actions, in which set-off is allowable, are debt, covenant and assumpsit for the non-payment of money; and the demand intended to be set off must be liquidated; and that

Cozzens *v.* Hodges.

set-off would not be allowed in actions of case, trespass or replevin, nor for a penalty or uncertain damages.

But, under these and similar statutes, the right of set-off has been greatly extended by positive enactment, and by judicial construction, to meet the equities of each particular case.

But, by the sixth section of our statute, entitled "An act prescribing the manner of proceedings in Court," it is expressly provided, that only such demands, therein mentioned, can be set off as "existed at the time of the commencement of the action, and then belonged to the defendant in his own right, and for which he might maintain a suit in his own name."

There are similar provisions in the statues of some of our sister states, and the case of *Pettis* v. *Westlake et al.* (3 Scammon 535) cited by the plaintiff, was a decision in express conformity with the statute of Illinois.

It is clear, therefore, that the defendant could have had no legal right under the sixth section of our statute to set off this note against the plaintiff's claim in this action.

By the seventh section of this act it is provided, that "whenever any Court shall, at the same term, render final judgment for debts or damages, in two or more personal actions, in which the parties shall be reversed, and shall sue and be sued in the same right and equity, such court shall set off the debts or damages, recovered in said judgments, and issue execution for the balance only, in favor of the party to whom it shall be due, with costs, if costs were recovered, and a separate execution in favor of the other party for costs, if costs were recovered by him."

By the eighth section of this act, it is further provided; that "if any officer shall, at the same time, have two or more executions delivered to him to serve, in which the

parties shall be reversed and shall sue and be sued in the same right and equity, he shall set off the debts or damages in the same and levy and collect the balance only, that will remain due thereon, with costs on all said executions.

By a careful examination of the phraseology of these several sections, we think that what was left to judicial construction in relation to certain cases of set-off under the English Statutes and analogous statutes in some of our sister states, has been manifestly rendered certain by positive and unequivocal legislative enactment by our statute. And for this Court to adopt the construction contended for by the plaintiff and his counsel, would be to disregard the plain letter of the statute and the manifest intention of the legislature.

Under the English and analogous statutes, the right of set-off in many cases must depend on judicial construction and legal inference, and, in such cases, a Court may with great propriety exercise a sound judicial and equitable discretion.

But, under our statute, this right being defined by positive legislative enactment, and the duty entrusted to the Court to set off final judgments, rendered at the same term, between adverse parties, who sue in their own names and rights, and to officers to whom executions on such judgments are delivered for service, to set off such executions, being imperative, no such discretion can be exercised by the Court or officer. This right to have final judgments set off extends to all personal actions for debts or damages, without qualification or limitation, as to the time the right of action occured. And the right of set-off being qualified and limited by the sixth section, and unlimited by the seventh section, except to personal

Cozzens *v.* Hodges.

actions for debts and damages, the intention of the legislature is manifest, and it is clear, that the construction contended for by the plaintiff and his counsel cannot be sustained. We are, therefore, of the opinion upon the evidence of the facts before us, that if the defendant, at the present term of this Court, had recovered final judgment on his verdict against the plaintiff, that the Court would be legally bound to set off under the statute his judgment against the judgment to be rendered on the plaintiff's verdict against the defendant.

Nor would this proceeding at all conflict with the decisions, that a defendant, after notice of a suit against him, cannot, by purchasing up claims against the plaintiff and by producing them on trial, defeat the plaintiff's action and subject him to the payment of costs. For under our statute cost cannot be set-off, and the party prevailing recovers his costs.

If our construction of the statute be correct, and the duty of the Court be imperative, the equitable consideration addressed to us ought not to influence our decision of this motion against the legal right of the defendant.

If either party has obtained an equitable or legal advantage over the other, that is a matter addressed to his own conscience, and not properly to the discretion of the Court, on the decision of a pure question of statute law.

There is no settled practice of this Court, which would deprive the defendant of his right to a second trial, at the present term, and the only reason why his request for a second trial before the adjournment of the Court, has not been granted, is the fact of want of time, and that, by such trial, other parties would be deprived of rights and priviliges, to which they are equally, if not better entitled.

It will be our endeavor, hereafter, to prevent any legal advantage or injury by reason of delay, on motions for a second trial for purposes of delay, and especially in cases where no legal defence is shown or even suggested.

Under these circumstances, we deem it an imperative duty, as an act of justice to the defendant, to continue the plaintiff's case for judgment, and to grant a stay of execution on the plaintiff's verdict against the defendant, until the further order of the Court.

If, upon a second trial, a final judgment should be re-covered by the defendant against the *present plaintiff*, and a motion should then be made to set off such judgment against the plaintiff's judgment against him, such motion will be heard, considered and decided according to the evidence of the legal rights of the parties, which may then be presented, and without prejudice in consequence of this motion or the decision thereon.

It has been the practice of the Supreme Judicial Court of Massachusetts to continue actions in order that cross actions may be set off. *Adams* v. *Manning*. (17 Mass. 178.) And such has, for years, been the practice of this Court, especially in cross actions where it is shown that the party plaintiff in one action might not be able to respond to the final judgment, which might be recovered against him in the other.

*Execution stayed until further order.*